IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DEMOCRATIC PARTY OF ) | |
| VIRGINIA, *et al.*, ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| v.  ) | Civil Action No. 3:21-cv-756–HEH |
|  ) | |
| ROBERT H. BRINK, in his official ) | |
| Capacity as the Chairman of the ) | |
| Board of Elections, *et al.*, ) | |
|  ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Denying Motion to Intervene; Granting Leave to Participate as *Amicus Curiae*)

On December 7, 2021, the Democratic Party of Virginia and the Democratic Congressional Campaign Committee (collectively, "Plaintiffs") filed a Complaint alleging that two of Virginia's voting laws violate the Constitution of the United States. (ECF No. 1.) Plaintiffs bring this action against multiple members of the Virginia Board of Elections in their official capacity.[1] Public Interest Legal Foundation (the "Foundation" or "Movant") filed a Motion to Intervene (the "Motion") on December 15, 2021. (ECF No. 5.) The Motion represents that, because the Foundation has a strong interest in defending the voting laws challenged in this case, the Court should allow it to intervene as a defendant.

---

[1] Specifically, the Complaint names Robert H. Brink, Christopher E. Piper, Jamilah D. Lecruise, and John O'Bannon as Defendants. The Court will refer to these four officials collectively as "Defendants."

Federal Rule of Civil Procedure 24 regulates when a movant may intervene in an ongoing federal suit. The Court may allow a movant to intervene "of right" or "permissive[ly]." Fed. R. Civ. P. 24.[2] The Foundation asserts that it should be allowed to intervene of right under Rule 24(a)(2), or alternatively, permissively intervene under Rule 24(b). (Movant's Mem. Supp. at 1, ECF No. 6.) For the reasons stated herein, the Court finds that the Foundation has failed to satisfy their burden of demonstrating a right to intervene, and the Court will not permit them to permissively intervene.

A court must allow intervention as of right upon timely[3] motion if a movant demonstrates that it has "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the [movant]'s interest is not adequately represented by the parties to the litigation." *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991)); *see* Fed. R. Civ. P. 24(a)(2). The movant bears the burden of demonstrating its right to intervene. *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997); *League of Women Voters of Va. v. Va. State Bd. of Elections*, 458 F. Supp. 3d 460, 463 (W.D. Va. 2020). "Whether a movant has satisfied the requirement for intervention [as] of right is committed to the discretion of the district court." *League of Women Voters*,

---

[2] Rule 24 also allows for intervention where a federal statute confers upon a movant either "an unconditional right to intervene" or "a conditional right to intervene." Fed. R. Civ. P. 24(a)(1), (b)(1). The Foundation, however, does not seek to intervene pursuant to any federal statute.

[3] The timeliness of the Foundation's Motion is not challenged by Plaintiffs or Defendants.

458 F. Supp. 3d at 463; *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

To satisfy the first requirement for intervention as of right, a movant must show a "significantly protectable interest" in the litigation. *Teague*, 931 F.2d at 261 (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). A movant demonstrates such an interest where it "stand[s] to gain or lose by the direct legal operation of the district court's judgment on [the] complaint." *Id.* at 261. To satisfy the second requirement, the movant must then demonstrate that the resolution of the action would impair that interest. *Richman*, 104 F.3d at 659 (4th Cir. 1997); *see Stuart*, 706 F.3d at 349. Because the Foundation fails the third requirement, the Court will assume without deciding that it meets the first two.

The third requirement for intervention as of right is that "the [movant]'s interest is not adequately represented by the parties to the litigation." *Stuart*, 706 F.3d at 349. The Foundation argues that it has an interest in "ensuring state election administration laws are enforced" and in "ensuring election integrity." (Movant's Mem. Supp. at 5, ECF No. 6.) Defendants, elections officials of the Commonwealth of Virginia, represent that their interest is to "supervise and coordinate the work of the county and city electoral boards and of the registrars to obtain *uniformity* in their practices and proceedings and *legality and purity in all elections*." (Defs.' Mem. Opp. at 3, ECF No. 24 (quoting Va. Code § 24.2-103(A)) (emphasis in brief, but not in statute).) Thus, the Foundation and Defendants have effectively identical interests: upholding the constitutionality of Virginia's voting laws and safeguarding the integrity of Virginia's elections.

When, as here, the movant and the government share the same interest, the movant must make a "strong showing of inadequacy." *Stuart*, 706 F.3d at 352. "To hold otherwise would place a severe and unnecessary burden on government agencies as they seek to fulfill their basic duty of representing the people . . . ." *Id.* In this context, the adequacy of government representation may only be rebutted with a showing of adversity of interest, collusion, or nonfeasance. *Id.* at 350–352; *Westinghouse*, 542 F.2d at 216 (applying the same principle outside of the government representation context).

As evidence of nonfeasance and collusion, the Foundation points to various recent lawsuits where Virginia election officials were sued over the constitutionality of voting laws. (Movant's Reply at 5–6, ECF No. 26.) For example, in *League of Women Voters*, the plaintiffs challenged the constitutionality of the absentee ballot witness signature requirement as it was enforced during the novel coronavirus ("COVID-19") pandemic. 458 F. Supp. 3d at 462. The election officials and plaintiffs agreed to a series of consent judgments that ordered election officials *not* to enforce the witness signature requirement during certain elections held at the height of the pandemic in 2020 and 2021.[4]

Similarly, in *New Virginia Majority Education Fund v. Virginia Department of Elections*, plaintiffs asked for a temporary restraining order extending the voter registration deadline after Virginia's online voting site crashed. Consent Motion, No. 3:20cv801 (E.D. Va. Oct. 13, 2020), ECF No. 3. After plaintiffs filed the lawsuit, the

---

[4] *E.g.*, Order, *League of Women Voters*, No. 6:21cv24 (W.D. Va. May 5, 2020), ECF No. 68 (agreeing to not enforce the witness signature requirement in the June primary elections); Order, *League of Women Voters*, No. 6:21cv24 (W.D. Va. Feb, 17, 2021), ECF No. 131 (agreeing to the same in the March special election).

4

government agreed to the extension and consented to the Court entering a restraining order. *Id.* The Foundation believes that, by consenting to orders limiting the enforcement of Virginia's election laws in the past, state officials were colluding with plaintiffs or refusing to defend the election laws.

These cases, however, do not convince the Court that there is a risk of collusion or nonfeasance here. All these cases show is that Defendants—state election officials—have not taken as aggressive a stance in litigation in the past as the Foundation would prefer. The United States Court of Appeals for the Fourth Circuit has clearly stated that "disagreement over how to approach the conduct of the litigation is not enough to rebut the presumption of adequacy." *Stuart*, 706 F.3d at 353 (listing similar holdings in other circuits). Thus, the Court cannot agree that Defendants' litigation strategy in past cases can warrant the Foundation's intervention in this case.

Moreover, Defendants' strategy in past cases may have little bearing on their litigation strategy in this case, because Virginia inaugurated a new Attorney General on January 18, 2022. The new Attorney General may have a different view of the underlying issues and adopt a different litigation strategy. Therefore, because the Foundation does not present any evidence of adversity of interest, collusion, or nonfeasance, the Court presumes that Defendants will adequately represent the Foundation's interests and the Foundation does not qualify for intervention as of right.

The Court also declines to grant Movant's request for permissive intervention. Rule 24(b) permits intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(3). The Court

5

must additionally consider any prejudice or undue delay to the litigation. *Id.*; *Stuart*, 706 F.3d at 355. "[W]here . . . intervention as of right is decided based on the government's adequate representation, the case for permissive intervention diminishes or disappears entirely." *Va. Uranium, Inc. v. McAuliffe*, No 4:15cv31, 2015 WL 6143105, at *4 (W.D. Va. Oct. 19, 2015) (quoting *Tutein v. Daley*, 43 F. Supp. 2d 113, 131 (D. Mass. 1999)). Since the Court has concluded that intervention as of right is not appropriate based on the adequacy of the government's representation, permissive intervention is equally inappropriate. *See id.*

Allowing the Foundation to permissively intervene would also lead to unnecessary complexity in this litigation with little added benefit. *See Stuart*, 706 F.3d at 355. "Additional parties can complicate routine scheduling orders, prolong and increase the burdens of discovery and motion practice, thwart settlement and delay trial." *Id.* Lastly, the Court believes allowing the Foundation the opportunity to participate as an *amicus curiae* would provide the same benefits as intervention. As the Fourth Circuit stated in *Stuart*, "[w]hile a would-be intervenor may prefer party status to that of a friend-of-court, the fact remains that amici often make useful contributions to litigation." *Id.*

Permissive intervention is purely discretionary, and this Court declines to exercise such discretion here. Nonetheless, the Court will permit the Foundation to participate as an *amicus curiae* and file briefs addressing future motions in this case. Should the record later reveal that the representation of the Foundation's interests is inadequate, the Court will grant leave to renew the Motion to Intervene. Accordingly, the Motion to Intervene will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: January 31, 2022
Richmond, Virginia

7