## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

DEMOCRATIC PARTY OF )
VIRGINIA, *et al.*, )
  )
      Plaintiffs, )
  )
v. )     Civil Action No. 3:21-cv-756–HEH
  )
ROBERT H. BRINK, in his official )
Capacity as the Chairman of the )
Board of Elections, *et al.*, )
  )
      Defendants. )

### MEMORANDUM OPINION
### (Granting Motion to Intervene)

On December 7, 2021, the Democratic Party of Virginia and the Democratic

Congressional Campaign Committee (collectively, "Plaintiffs") filed a Complaint

alleging that two of Virginia's voting laws violate the Constitution of the United States.

(ECF No. 1.) Plaintiffs bring this action against multiple members of the Virginia Board

of Elections in their official capacity.[1] The Republican Party of Virginia ("RPV") filed a

Motion to Intervene (the "Motion") on January 12, 2022. (ECF No. 27.) The Motion

represents that, because RPV has a strong interest in the voting laws that govern its voters

and candidates, the Court should allow it to intervene as a defendant.

---

[1] Specifically, the Complaint names Robert H. Brink, Christopher E. Piper, Jamilah D. Lecruise, and John O'Bannon as Defendants. The Court will refer to these four officials collectively as "Defendants."

Federal Rule of Civil Procedure 24 regulates when a movant may intervene in an ongoing federal suit. The Court may allow a movant to intervene "of right" or "permissive[ly]." Fed. R. Civ. P. 24.[2] RPV asserts that it should be allowed to intervene as of right under Rule 24(a)(2), or alternatively, permissively intervene under Rule 24(b). (Movant's Mem. Supp. at 2 & 7, ECF No. 28.) For the reasons stated herein, the Court will permit RPV to permissively intervene as a defendant.[3]

Rule 24(b) allows for permissive intervention when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(3). The Court must additionally consider any prejudice or undue delay to the litigation.[4] *Id.*; *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013). The decision to allow permissive intervention lies "within the sound discretion of the trial court." *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003).

RPV's proposed claims and defenses assuredly share a common question of law or fact with this action. RPV filed a Proposed Motion to Dismiss which merely challenges the sufficiency of Plaintiffs' claims. (Proposed Mot. to Dismiss, ECF No. 28-3.) It does

---

[2] Rule 24 also allows for intervention where a federal statute confers upon a movant either "an unconditional right to intervene" or "a conditional right to intervene." Fed. R. Civ. P. 24(a)(1), (b)(1). RPV, however, does not seek to intervene pursuant to any federal statute.

[3] Because the Court will allow RPV to permissively intervene, the Court need not consider whether intervention as of right is warranted. *See, e.g., League of Women Voters of Va. v. Va. State Bd. of Elections*, No. 6:20cv24, 2020 WL 2090678, at *5 n.2 (W.D. Va. April 30, 2020); *Jacobson v. Detzner*, No. 4:18cv262, 2018 WL 10509488, at *1 (N.D. Fla. July 1, 2018).

[4] A motion to permissively intervene must also be "timely." Fed. R. Civ. P. 24(b)(1); *League of Women Voters of Va.*, 2020 WL 2090678, at *4. RPV filed its Motion before Defendants even filed a responsive pleading and no party argues that its Motion was not timely.

not add any unrelated counterclaims or distract the Court from the main issues of the

case. *See League of Women Voters of Va.*, 2020 WL 2090678, at *4 (allowing

permissive intervention where the RPV did not introduce any unrelated, additional claims

to the lawsuit).

Moreover, RPV's intervention would not cause any undue delay to the litigation or

prejudice to the existing parties. *See Stuart*, 706 F.3d at 355. This litigation is still in its

preliminary stages such that adding an intervenor would not be burdensome. *See*

*Marshall v. Meadows*, 921 F. Supp. 1490, 1492 (E.D. Va. 1996) (finding that little

prejudice can exist where defendants have not yet filed an answer). With respect to

delay, "RPV commits to submitting all filings in accordance with the briefing schedule

the Court imposes." (Movant's Mem. Supp. at 8.) RPV's proposed responsive pleadings

also do not add any new complications to the case that could delay the litigation or

prejudice the parties by obfuscating the legal issues already presented. (*See* Proposed

Mot. to Dismiss.)

While Defendants did not submit any response to RPV's Motion to Intervene,

Plaintiffs argue against intervention in their response for two other reasons beyond

supposed prejudice and delay. (Pls.' Resp. Opp'n at 12, ECF No. 35.) First, Plaintiffs

argue that because RPV's interests are the same as Defendants', its interests are

adequately represented without additional intervention. *Id.*; *see Va. Uranium, Inc. v.*

*McAuliffe*, No 4:15cv31, 2015 WL 6143105, at *4 (W.D. Va. Oct. 19, 2015).

RPV's interests, however, are *not* the same as Defendants'. Defendants' interests

are to "supervise and coordinate the work of the county and city electoral boards and of

the registrars to obtain uniformity in their practices and proceedings and legality and purity in all elections." (Defs.' Mem. Opp'n at 3, ECF No. 24 (quoting Va. Code § 24.2-103(A)).)  RPV's interests are "to elect Republican candidates in local, county, state, and federal elections in the Commonwealth, and to represent Republican voters across the Commonwealth." (Movant's Mem. Supp. at 2; *see* Movant's Reply at 3, ECF No. 38.)  Put another way, Defendants' interests are to defend Virginia's voting laws no matter the political repercussions while RPV's interest is to defend the voting laws when doing so would benefit its candidates and voters.

Second, Plaintiffs argue that allowing RPV to intervene would not "benefit the process, the litigants, or the court." (Pls.' Resp. Opp'n at 12 (quoting *Lee v. Bd. Of Elections*, No. 3:15-cv-357, 2015 WL 5178993, at *4 (E.D. Va. Sept. 4, 2015)).)  RPV, however, is one of Virginia's two major political parties, and it brings a unique perspective on the election laws being challenged and how those laws affect its candidates and voters. *See League of Women Voters of Va.*, 2020 WL 2090678, at *7.  Courts often allow the permissive intervention of political parties in actions challenging voting laws for exactly this reason. *Id.*[5]  Thus, the Court believes that permitting RPV to intervene would benefit the process. *See Lee*, 2015 WL 5178993, at *4.  Ultimately, permissive intervention is purely discretionary, and this Court finds it is warranted here. *Smith*, 352 F.3d at 892.  The Court will grant RPV's Motion to Intervene.

---

[5] *Jacobson*, 2018 WL 10509488, at *1; *Ohio Democratic Party v. Blackwell*, No. 2:04cv1055, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005); *Democratic Nat'l Comm. v. Bostelmann*, No. 20cv249, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020).

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
Henry E. Hudson
Senior United States District Judge

Date: Feb. 3, 2022
Richmond, Virginia